# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| **JANIE ROBINSON** <br> 10822 Amor Avenue <br> Cleveland, OH 44108 <br><br> Plaintiff, <br><br> v. <br><br> **NATIONSTAR MORTGAGE, LLC d.b.a. MR. COOPER** <br> c/o Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 <br><br> Defendant. | Civil Case No. <br><br><br><br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Janie Robinson, through counsel, states as follows for her *Complaint for Damages* against Defendant Nationstar Mortgage, LLC d.b.a. Mr. Cooper (the "Complaint"):

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Janie Robinson ("Plaintiff" or "Ms. Robinson"), is the owner of real property and improvements thereupon located at and commonly known as 10822 Amor Avenue, Cleveland, OH 44108 (the "Home").

2. Plaintiff currently maintains the Home as her primary, principal residence, and have so maintained the Home for all times relevant to the allegations of this Complaint.

3. Defendant Nationstar Mortgage, LLC d.b.a. Mr. Cooper ("Defendant" or "Mr. Cooper") is a foreign limited liability corporation organized under the laws of the state of Delaware, with its principal place of business located in Coppell, Texas, licensed to do business in the state of Ohio.

4. Mr. Cooper is the current servicer of a note (the "Note") and a mortgage on the Home that allegedly secures the Note (the "Mortgage") executed by Plaintiff (collectively referred to hereinafter as the "Loan").

5. Mr. Cooper services the Loan on behalf of the purported assignee, owner, and holder of the Loan, non-Party The Bank of New York Mellon f.k.a. The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Mr. Cooper Home Equity Loan Trust 2006-B ("BONY") and has acted with its authority or otherwise on its behalf in relation to the Loan at all times relevant to this Complaint.

6. Jurisdiction is conferred by 28 U.S.C. § 1331 as this action primarily arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692k(d), *et seq*.

7. This Court has supplemental jurisdiction to hear any state law statutory and common law claims pleaded, *infra*, or that otherwise may arise pursuant to 28 U.S.C. § 1367.

8. Venue is appropriate within this District pursuant to 28 U.S.C. § 1391(b) as: (1) A substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District; and, (2) the Home, the property that is the subject of the action and the borrower's principal, primary residence, is located within this District.

### SUMMARY OF RESPA AND RMLA CLAIMS

9. Plaintiff files this action in substantial part to enforce regulations promulgated by the Consumer Financial Protection Bureau (CFPB) and implemented pursuant to 12 U.S.C. § 2605(f) that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.1, *et seq*.

("Regulation X") as well as to seek recovery for state law claims under the Residential Mortgage Lending Act, R.C. 1322.01, *et seq.* (RMLA).

10. In January 2013, the CFPB issued final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

11. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 F.R. 10695 (Regulation X) (February 14, 2013) which became effective on January 10, 2014.

12. Mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties[1]." 12 U.S.C. § 2605(k)(1)(C).

13. Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

14. The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

---

[1] "The Bureau believes that standard servicer duties are those typically undertaken by servicers in the ordinary course of business. Such duties include not only the obligations that are specifically identified in section 6(k)(1)(C) of RESPA, but also those duties that are defined as ''servicing'' by RESPA, as implemented by this rule, as well as duties customarily undertaken by servicers to investors and consumers in connection with the servicing of a mortgage loan. *These standard servicer duties are not limited to duties that constitute ''servicing,'' as defined in this rule, and include, for example*, duties to comply with investor agreements and servicing program guides, to advance payments to investors, to process and pursue mortgage insurance claims, to monitor coverage for insurance (e.g., hazard insurance), to monitor tax delinquencies, to respond to borrowers regarding mortgage loan problems, to report data on loan performance to investors and guarantors, *and to work with investors and borrowers on options to mitigate losses for defaulted mortgage loans*." 78 Fed. Reg. 10696, 10739 (emphasis added).

15. Mr. Cooper is subject to the aforesaid regulations and does not qualify for the exemption for "small servicers" as defined in 12 C.F.R. § 1026.41(e)(4).

16. Mr. Cooper is not a "qualified lender" as defined in 12 C.F.R. § 617.700.

17. Plaintiff asserts a claim for relief against Mr. Cooper for violations of the specific rules under RESPA and Regulation X, as set forth, *infra.*

18. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f), for the violations claimed, *infra*, and such actions provide for remedies including actual damages, statutory damages, and attorneys' fees and costs.

19. Mr. Cooper is subject to the requirements of the RMLA, and does not qualify for the exemptions listed in R.C. 1322.04.

20. Mr. Cooper is a mortgage servicer under the RMLA as it "holds the servicing rights, records mortgage payments on its books, or performs other functions to carry out the mortgage holder's obligations or rights under the mortgage agreement." R.C. 1322.01(AA).

## FACTUAL BACKGROUND

**(Problems with application of payments on the Loan)**

21. On or about September 22, 2011, a co-borrower on the Loan, non-party Judy C. Robinson ("Judy"), filed for bankruptcy protection under Chapter 13, Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio in the matter captioned *In re Judy C. Robinson*, assigned case number 11-18248-jps (the "Bankruptcy").

22. Judy received a discharge following her completion of the Bankruptcy on or about October 13, 2016 and a final decree was issued on or about December 8, 2016.

Complaint for Damage: Page 4

23. Per the transaction history for the Loan, supplied by Mr. Cooper, Plaintiff had remitted sufficient funds as of November 5, 2016 for the Loan to be due and owing for the payment due December 20, 2016.

24. On or about November 7, 2016, Mr. Cooper entered a series of problematic transactions effective November 5, 2016, whereby numerous payments to the Loan were reversed and reapplied with multiple adjustments being entered and with each such transaction being marked as "Reason 10".

25. Following these reversals transactions on the account, the Loan was due and owing for the payment due for November 20, 2016 rather than December 20, 2016.

26. Plaintiff continued to remit timely periodic payments on the Loan, but due to the aforementioned problematic transactions and the due date for the Loan being November 20, 2016 rather than December 20, 2016 as of November 7, 2016, Plaintiff was effectively placed into a rolling one (1) month delinquency on the Loan.

27. Due to this rolling delinquency, each month from December 2016 onward, Plaintiff was deemed to be at least one (1) month delinquent and was charged a monthly late fee in the amount of $32.84.

**(Attempts to have Mr. Cooper correct its erroneous actions in the accounting of the Loan)**

28. Plaintiff, through counsel, sent correspondence dated September 25, 2020, and captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(2) for failing to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law and/or 12 C.F.R. § 1024.35(b)(3) for failure to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 C.F.R. § 1026.36(c)(1); notice of errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposition of fees for which there was no

reasonable basis to impose" (the "NOE") via Certified Mail [Tracking No. 70142120000306730280] to Mr. Cooper at the address designated for borrowers to send notices of error pursuant to 12 C.F.R. § 1024.35 and requests for information pursuant to 12 C.F.R. § 1024.36 (the "Designated Address"). *See*, a copy of the NOE with tracking information from the website for the United States Postal Service (www.usps.com), attached as **Exhibit 1**.

29. Through the NOE, Plaintiff alleged that Mr. Cooper committed the following errors in the servicing of the Loan by:

   a. Errors pursuant to 12 C.F.R. §§ 1024.35(b)(2) and/or (3) by failing to properly accept or otherwise apply each of Plaintiff's payments towards the Loan causing Plaintiff to be placed into a one (1) month rolling delinquency to no fault of her own; and,

   b. Errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposing at least thirty-seven (37) late fees totaling $1,215.08 stemming from the misapplication of payments to the Loan.

*See*, Exhibit 1.

30. Mr. Cooper received the NOE at the Designated Address on or before October 6, 2020. *See, id*.

31. Mr. Cooper sent correspondence dated November 12, 2020 to Plaintiff, through counsel, stating that: "At this time, additional research [into the NOE] is required. We apologize for any inconvenience this may have caused and appreciate your patience. Expect to hear from us by *December 3, 2020* [emphasis added]." *See*, a copy of this correspondence (the "Extension"), attached as **Exhibit 2**.

32. Mr. Cooper failed to prepare and submit a response to the NOE on or before December 3, 2020 and Mr. Cooper did not send any further written request for an extension of time to respond to the NOE.

33. Mr. Cooper eventually sent correspondence dated December 9, 2020 in response to the NOE (the "Response"). *See*, a copy of the Response, attached as **Exhibit 3**.

34. Through the Response, Mr. Cooper claimed that none of the errors alleged through the NOE occurred. *See*, id.

35. Specifically, Mr. Cooper stated as follows:

> Our records reflect the bankruptcy closing agent requested ***two payments*** to be applied on November 7, 2020. The payment applied on November 7, 2016, in the amount of $1,313.60 was the last payment applied to the account while in bankruptcy. This [sic] the total amount applied of $1,313.60 was subtracted from bankruptcy suspense and the funds were moved, which left a balance of $275.88 in bankruptcy suspense and the remainder was placed in forbearance. Our records do not reflect there were enough funds in suspense to make a full monthly installment of $656.80; therefore, the suspense balance of $275.88 was added with the $315.24 that was also in forbearance. A review of our records reflect $591.12 was in forbearance at the time of bankruptcy closing and the funds were automatically applied as a principal payment on November 10, 2016, ***due [to] the account being paid ahead.***

*See*, id. (emphasis added).

36. On its face, Mr. Cooper's statement as to why no errors occurred as alleged through the NOE establishes that Mr. Cooper's review into the same was not reasonable.

37. Through the Response, Mr. Cooper fails to address why it reversed the transactions seemingly intended by the bankruptcy closing agent of two (2) periodic payments being applied to the Loan—$1,313.60 would have been enough for two (2) periodic payments of $656.80. *See*, id.

38. Per Mr. Cooper's sequence of events in the Response, Mr. Cooper received $1,313.60 from the bankruptcy closing agent, made one (1) periodic payment of $656.80, and placed the rest of the funds in forbearance with the total funds being in forbearance amounting to $591.12—that is, Mr. Cooper's explanation does not account for the full amount of funds received from the bankruptcy closing agent as $656.80 + $275.88 does not equal $1,313.60, even if you were to combine the $275.88 with the previously existing $315.24 in forbearance. *See*, id.

39. Mr. Cooper indicates that the $591.12 in forbearance was applied to the principal of the Loan because the Loan was "paid ahead" as of November 10, 2016, yet this is inaccurate on its face as Mr. Cooper's own records indicate the Loan was due for the November 2016 payment. *See*, id.

40. Due to Mr. Cooper's contradictory, inaccurate, and mathematically puzzling statements and implications made through the Response, it is clear that Mr. Cooper did not perform a reasonable investigation into the errors alleged through the NOE prior to claiming no errors occurred.

## DAMAGES INCURRED BY AND IMPACT UPON PLAINTIFF

41. Mr. Cooper has refused to properly correct its accounting errors on the Loan despite Plaintiff's good faith efforts to request it do so and Mr. Cooper has otherwise failed to properly explain why no errors have occurred in the accounting of the Loan.

42. Mr. Cooper's improper actions caused Plaintiff to suffer from actual and proximate damages including:

    a. Legal fees and expenses to submit the NOE to Mr. Cooper in a good faith attempt to amicably resolve this matter or to have Mr. Cooper mitigate the harm

    caused to Plaintiff to which Plaintiff did not receive a proper or adequate response;

b. Legal fees and expenses to submit requests for information pursuant to 12 C.F.R. § 1024.36 to obtain information necessary to ascertain the origin of Mr. Cooper's erroneous actions;

c. Improper fees and charges imposed on the Loan including late fees in excess of $1,215.08 as well as other similar such fees including other default servicing related fees for which Plaintiff is personally obligated or which otherwise negatively impacts any equity in the Home to which she is entitled; and,

d. Unwarranted harm to Plaintiff's credit rating and a significant delay in the rehabilitation of their credit for which they have not received proper redress due to Mr. Cooper claiming Plaintiff is at least one (1) month further delinquent than Plaintiff otherwise would have been at all times since November 2016.

e. Severe emotional distress driven by this manufactured delinquency and by fear that this manufactured delinquency would be the start of a slippery slope leading to a potential default and foreclosure unless Plaintiff pay for fees which are not warranted which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

**PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY MR. COOPER**

43.    Mr. Cooper's actions are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication and contravention of Mr. Cooper's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

44. As of the filing of this Complaint, consumers nationwide have lodged Six Thousand Seven Hundred Thirty-Nine (6,739) complaints with the CFPB against Mr. Cooper, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan, servicing, payments, escrow" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database which can be accessed at: http://www.consumerfinance.gov/data-reseraach/consumer-complaints.

45. Plaintiff has reviewed the CFPB's consumer complaint database and has identified other similar alleged RESPA violations by Mr. Cooper against other borrowers. In particular, Plaintiff has reviewed the fifteen (15) consumer complaints attached hereto and identified as **Group Exhibit 4**. The date, details, and a narrative disclosed by the consumer is set forth in each complaint. The complaints show conduct which demonstrates that Mr. Cooper has engaged in a pattern or practice of violating RESPA with respect to other borrowers.

## COUNT ONE:
## VIOLATION OF 12 C.F.R. § 1024.35(e) AND 12 U.S.C. §§ 2605(e) AND (k)

**(Failure to timely and properly respond to the NOE)**

46. Plaintiff repeats and realleges paragraphs 1 through 45 with the same force and effect as though fully set forth, *infra*.

47. "A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a)

48. Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower." Supplement I to Part 1024.

49. A servicer must respond to a notice of error by either:

    (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

    (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i); *see also* 12 U.S.C. § 2605(e)(2)(B).

50. A servicer must respond to a notice of error in compliance with 12 C.F.R. § 1024.35(e)(1):

    (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.

    (B) Prior to the date of a foreclosure sale or within 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.

    (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

12 C.F.R. § 1024.35(e)(3)(i); *see also* 12 U.S.C. § 2605(e)(2).

51. A servicer may request an extension by up to an additional fifteen (15) days (excluding legal public holidays, Saturdays, and Sundays), if they request such an extension prior to the expiration of the thirty (30) day (excluding legal public holidays, Saturdays, and Sundays) deadline to respond. 12 C.F.R. § 1024.35(e)(3)(ii).

52. "A servicer of a federally related mortgage shall not...fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

53. A servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

54. The NOE constitutes a notice of error as defined by 12 C.F.R. § 1024.35(a) as it is a "written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." *See*, Exhibit 1.

55. Plaintiff sent the NOE to Mr. Cooper at the Designated Address and Mr. Cooper received each such notice at such address. *See*, id.

56. Through the NOE, Plaintiff alleged that Mr. Cooper failed to properly accept and/or apply payments to the Loan and imposed fees against the Loan for which it had no reasonable basis, each of which is a covered error under 12 C.F.R. §§ 1024.35(b)(2), (3), and (5), respectively. *See,* id.

57. Mr. Cooper failed to timely respond to the NOE as it failed to respond to the NOE within thirty (30) days (excluding legal public holidays, Saturdays, and Sundays)—on or before November 19, 2020—and failed to reply within extended the time period requested in writing—on or before December 3, 2020. *See,* Exhibits 1, 2, and 3.

58. Mr. Cooper's failure to timely respond to the NOE constitutes violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k).

59. Regardless, Mr. Cooper sent the Response on or about December 9, 2020.

60. Mr. Cooper did not satisfy their obligations as to 12 C.F.R. § 1024.35(e)(1)(i)(A) through the Response as Mr. Cooper claimed that none of the errors alleged through the NOE occurred. *See*, Exhibit 3.

61. Mr. Cooper did not satisfy their obligations as to 12 C.F.R. § 1024.35(e)(1)(i)(B) through the Response as Mr. Cooper failed to perform a reasonable investigation into the errors alleged through the NOE prior to claiming that the errors did not occur. *See*, id.

62. On its face, Mr. Cooper's statement as to why no errors occurred as alleged through the NOE establishes that Mr. Cooper's review into the same was not reasonable.

63. Through the Response, Mr. Cooper fails to address why it reversed the transactions seemingly intended by the bankruptcy closing agent of two (2) periodic payments being applied to the Loan—$1,313.60 would have been enough for two (2) periodic payments of $656.80. *See*, id.

64. Per Mr. Cooper's sequence of events in the Response, Mr. Cooper received $1,313.60 from the bankruptcy closing agent, made one (1) periodic payment of $656.80, and placed the rest of the funds in forbearance with the total funds being in forbearance amounting to $591.12—that is, Mr. Cooper's explanation does not account for the full amount of funds received from the bankruptcy closing agent as $656.80 + $275.88 does not equal $1,313.60 even if you were to combine the $275.88 with the previously existing $315.24 in forbearance. *See*, id.

65. Mr. Cooper indicates that the $591.12 in forbearance was applied to the principal of the Loan because the Loan was "paid ahead" as of November 10, 2016, yet this is inaccurate on its face as Mr. Cooper's own records indicate the Loan was due for the November 2016 payment. *See*, id.

66. Due to Mr. Cooper's contradictory, inaccurate, and mathematically puzzling statements and implications made through the Response, it is clear that Mr. Cooper did not perform a reasonable investigation into the errors alleged through the NOE prior to claiming no errors occurred.

67. Mr. Cooper's failure to perform a reasonable investigation into and otherwise properly respond to the errors alleged through the NOE constitute a violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) and, as a result, Plaintiff has suffered actual damages as detailed, *supra*.

68. Mr. Cooper's actions are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

69. Mr. Cooper's conduct as pled, *supra*, shows a conscious disregard for Plaintiff's rights.

70. As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for statutory damages and actual damages as further described, *supra*. 12 U.S.C. § 2605(f)(1).

71. Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**COUNT TWO: AGAINST NATIONSTAR
VIOLATIONS OF THE RMLA, R.C. 1322.01, *et seq.***

72. Plaintiff repeats and realleges paragraphs 1 through 45 with the same force and effect as though fully set forth, *infra*.

73. "No person ... shall act as a … mortgage servicer … without first having obtained a certificate of registration from the superintendent of financial institutions for the principal office and every branch office to be maintained by the person for the transaction of business as a … mortgage servicer ... in this state." R.C. 1322.07(A).

74. Mr. Cooper, as a mortgage servicer, is required to be registered with the Ohio Department of Commerce, Division of Financial Institutions under R.C. 1322.

75. Mr. Cooper is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it certificates of registration, License Nos. 850005.009-BR, RM.850005.014-BR, RM.850005.016-BR, RM.850005.012-BR, RM.850005.006-BR, RM.850005.014-BR, and RM.850005.016-BR. R.C. 1322.01(GG).

76. Plaintiff is a buyer, as the Loan is serviced by Mr. Cooper, a mortgage servicer. R.C. 1322.01(H).

77. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.* cannot "[e]ngage in conduct that constitutes improper, fraudulent, or dishonest dealings." R.C. 1322.40(C).

78. Mr. Cooper's conduct, in misapplying and otherwise failing to properly account for payments remitted towards the Loan, for manufacturing a rolling one (1) month delinquency, for imposing fees including late fees based solely upon the manufactured delinquency, and in failing to timely correct the errors asserted through the NOE, constitutes violations of R.C. 1322.40(C).

79. Mr. Cooper's conduct caused Plaintiff to suffer actual damages, as further described, *supra*.

80. As a result of Mr. Cooper's conduct, Mr. Cooper is liable to Plaintiff for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.52.

81. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, is required to comply with all duties imposed by other statutes or common law and:

> (3) Act with reasonable skill, care, and diligence; [and]

(4) Act in good faith and with fair dealing in any transaction, practice, or course of business in connection with the brokering or originating of any residential mortgage loan[.]

R.C. 1322.45(A).

82. A registrant, licensee, or person required to be registered or licensed under R.C. 1322 cannot waive or modify its duties under R.C. 1322.45(A). R.C. 1322.45(C).

83. Mr. Cooper's conduct, in misapplying and otherwise failing to properly account for payments remitted towards the Loan, for manufacturing a rolling one (1) month delinquency, for imposing fees including late fees based solely upon the manufactured delinquency, and in failing to timely correct the errors asserted through the NOE, constitutes violations of R.C. 1322.45(A)(3)-(4).

84. As a result of Mr. Cooper's conduct, Mr. Cooper is liable to Plaintiff for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.45(D).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Janie Robinson prays that this Court grant judgment against Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper and award her the following:

A. Actual damages from Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper in an amount to be determined at trial for the allegations contained in Counts One and Two.

B. An award of statutory damages of Two Thousand Dollars ($2,000.00) for each violation of RESPA contained in Count One;

C. For punitive damages against Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper as to Count Two;

D.     For attorney's fees and costs as to Counts One and Two;

E.     For such other relief which this Court may deem appropriate.

Respectfully submitted,

*/s/Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff Janie Robinson*

## JURY DEMAND

Plaintiff Janie Robinson hereby respectfully demands a trial by jury on all such claims that may be so tried.

*/s/Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Dann Law
*Counsel for Plaintiff Janie Robinson*